1
2
3
4
5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

6

7  SHERYL DOUGHTY,                          )
8                                           )   NO. **2:13-cv-00295-LRS**
          Plaintiff,                        )
9                                           )   **ORDER GRANTING DEFENDANT'S**
                                            )   **MOTION FOR SUMMARY**
10        v.                                )   **JUDGMENT**
                                            )
11  VALERIE HOLDER, et al.,                 )
12                                          )
                                            )
13        Defendants.                       )
   _____ )
14  CATHERINE L. MILLER,                    )
15                                          )   NO. **2:13-cv-00296-LRS**
          Plaintiff,                        )
16                                          )   **ORDER GRANTING DEFENDANT'S**
                                            )   **MOTION FOR SUMMARY**
17        v.                                )   **JUDGMENT**
                                            )
18  LAUREN DAVIDSON                         )
    HUMPHREYS, et al.,                      )
19                                          )
          Defendants.                       )
20 _____ )
21  KEVIN MILLER,                           )
22                                          )   NO. **2:13-cv-00297-LRS**
          Plaintiff,                        )
23                                          )   **ORDER GRANTING DEFENDANT'S**
                                            )   **MOTION FOR SUMMARY**
24        v.                                )   **JUDGMENT**
                                            )
25  LAUREN DAVIDSON                         )
    HUMPHREYS, et al.,                      )
26                                          )
          Defendants.                       )
27 _____ )
28

**ORDER GRANTING DEFENDANTS'**
**MOTIONS FOR SUMMARY JUDGMENT- 1**

**BEFORE THE COURT** are the Defendants' Motions For Summary Judgment (ECF No. 9 in CV-13-295-LRS; ECF No. 10 in CV-13-296-LRS; ECF No. 9 in CV-13-297-LRS).  Telephonic oral argument was heard on January 9, 2014.  Kirk D. Miller, Esq., argued for the Plaintiffs.  Robert R. Rowley, Esq., argued for the Defendants.

## I. BACKGROUND

These three actions have been consolidated for pre-trial proceedings.  They involve the same fact pattern and the same claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*.  Each of these actions arises out of one of two actions for judicial foreclosure of a deed of trust filed in Spokane County Superior Court.

Cheryl and Michael Doughty were named as defendants in Spokane County Superior Court Cause No. 12-2-02772-7, filed on behalf of Wells Fargo Bank, N.A., by Valerie I. Holder, Esq., of the law firm of Routh Crabtree Olsen, P.S. (aka "RCO Legal P.S.").  "Sheryl Doughty" was served with a summons and complaint in the belief that she was the "Cheryl Doughty" named in the complaint.  The Spokane County Superior Court dismissed "Sheryl Doughty" as a defendant on the basis she was not named as a party, but maintained the action as to "Cheryl Doughty."  (See Defendants' Statement of Material Facts at ECF No. 20).  Valerie Holder and RCO Legal, P.S., are the named Defendants in CV-13-295-LRS.

The complaint filed in Spokane County Superior Court Cause No. 12-2-02772-7 alleges that Cheryl Doughty and Michael Doughty were respectively daughter and son of Raoul Jack Doughty, the deceased borrower in regard to the subject deed of trust, and that they "may claim an interest in the real property . . . based upon the law of intestate succession."  Cheryl and Michael Doughty were named as defendants in order to divest them of their potential interests in the

**ORDER GRANTING DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT- 2**

property.  The complaint seeks a "Judgment For Monies Due" against the defendants,  and if that monetary judgment is not satisfied immediately, a "Decree Of Foreclosure" allowing for sale of the real property with the proceeds thereof applied against the monetary judgment.  The complaint specifies that plaintiff Wells Fargo, pursuant to RCW 6.23.020(1), waives any right to a deficiency judgment.  Paragraph 4 of the "Prayer For Relief" states: "[I]f any deficiency remains after application of the proceeds of such sale thereon, Plaintiff expressly waive a deficiency judgment and that no deficiency judgment be entered against the defendants pursuant to RCW 6.23. 020(1)."

Catherine L. Miller was named as a defendant in Spokane County Superior Court Cause No. 12-2-02845-6, filed on behalf of OneWest Bank, FSB, by Lauren Davidson Humphreys, Esq., of the law firm of Routh Crabtree Olsen, P.S. (aka "RCO Legal P.S.").  Humphreys and RCO Legal, P.S., are the named Defendants in CV-13-296-LRS and CV-13-297-LRS.  Kevin Miller, although not specifically named as a defendant in Spokane County Superior Court Cause No. 12-2-02845-6, became a defendant by virtue of being an "Occupant[] Of The Premises" to which the particular deed of trust pertains.

The complaint filed in Spokane County Superior Court Cause No. 12-2-02845-6 alleges that Catherine L. Miller was believed to be the daughter of Helen R. Peterson, the deceased borrower in regard to the subject deed of trust, and that she "may claim an interest in the real property . . . based upon the law of intestate succession."  Kevin Miller, although not specifically named a defendant, became a defendant by virtue of being an "Occupant[s] Of The Premises" who "may claim an interest in the real property."  The Millers were named/identified as defendants in order to divest them of their potential interests in the property.  The complaint seeks a "Judgment For Monies Due" against the defendants,  and if that monetary judgment is not satisfied immediately, a "Decree Of Foreclosure" allowing for sale

**ORDER GRANTING DEFENDANTS'**
**MOTIONS FOR SUMMARY JUDGMENT- 3**

of the real property with the proceeds thereof applied against the monetary judgment. The complaint specifies that plaintiff OneWest Bank, pursuant to RCW 6.23.020(1), waives any right to a deficiency judgment. Paragraph 4 of the "Prayer For Relief" states: "[I]f any deficiency remains after application of the proceeds of such sale thereon, Plaintiff expressly waives a deficiency judgment and that no deficiency judgment be entered against the defendants pursuant to RCW 6.23. 020(1)."

Plaintiffs allege Defendants are "debt collectors," as defined in 15 U.S.C. Section 1692a(6) of the FDCPA; that they attempted to collect a "debt" from Plaintiffs, as defined in 15 U.S.C. Section 1692a(5); and that this was in violation of the FDCPA because there was no "debt" due and owing by the Plaintiffs. Defendants move for summary judgment claiming that in these particular circumstances, they were not acting as "debt collectors" as defined in the FDCPA.[1]

## II. DISCUSSION

15 U.S.C. §1692a(6) provides in relevant part:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . **For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails**

---

[1] Defendants did not, as required by the court's local rules, include a Statement of Facts with their summary judgment motions, and filed ones only in conjunction with their replies. There is no basis, however, for striking Defendants' motions. Plaintiffs have not been prejudiced because it is apparent that all of the material facts are undisputed.

**ORDER GRANTING DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT- 4**

**in any business the principal purpose of which is the enforcement of security interests.**

(Emphasis added).

15 U.S.C. Section 1692f(6) provides that the following is an "unfair practice" under the FDCPA:

> Taking or threatening to take any **nonjudicial** action to effect dispossession or disablement of property if –
>
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
> (B) there is no present intention to take possession of the property; or
>
> (C) the property is exempt by law from such dispossession or disablement.

(Emphasis added).

In *Barbanti v. Quality Loan Service Corp.*, 2007 WL 26775 (E.D. Wash. 2007) at *3, the Hon. Edward F. Shea of this district was "persuaded that the inclusion of an enforcer of a security interest in §1692f(6) implies that the term "debt collector" [defined in §1692a(6)] does not include an enforcer of a security interest for any other section of the FDCPA." Accordingly, Judge Shea "determine[d] that the enforcement of a security interest through a nonjudicial forfeiture does not constitute the collection of a debt for purposes of the FDCPA." This remains the prevailing view within the Ninth Circuit. "Although the Ninth Circuit has yet to address whether foreclosure proceedings constitute 'debt collection' within the ambit of the FDCPA, the majority of the courts in this District [N.D. of Calif.], as well as many other courts in this Circuit, have held that non judicial foreclosure proceedings are not debt collection." *Natividad v. Wells Fargo Bank, N.A.*, 2013 WL 2299601 (N.D. Cal. 2013) at *5. "[F]or purposes of the [FDCPA] a 'debt collector' does not include one engaged in the mere enforcement of security interests." *Id*. at *6. If conduct goes beyond "mere

**ORDER GRANTING DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT- 5**

enforcement of security interests," however, it will constitute "debt collection" under the FDCPA.  Thus, "persons who regularly or principally engage in communications with debtors concerning their default that go beyond the statutorily mandated communications required for foreclosure may be considered debt collectors." *Id.* at *8.

It is immaterial that the captioned actions before this court involve enforcement of security interests through judicial foreclosure proceedings instead of through non-judicial forfeiture.  So long as the foreclosure proceedings, be they non-judicial or judicial, involve no more than mere enforcement of security interests, the FDCPA does not apply.   Plaintiffs contend, however, that the judicial foreclosure proceedings at issue here involve more than mere enforcement of security interests and therefore, fall within the purview of the FDCPA.  According to Plaintiffs, this is so because the state court judicial foreclosure complaints demand a money judgment against all of the defendants, even  those who never signed, and are not obligors on, the underlying promissory notes.

Each of the state court complaints at issue here sets forth two causes of action:  1) "Judgment For Monies Due;" and 2) "Decree Of Foreclosure."  The "Judgment For Monies Due" causes of action in each of the complaints state:

> The Note and Deed of Trust are in default, and the Note obligation has been accelerated.
>
> Demand for all sums secured by the Note and Deed of Trust has been made, and the Unknown Heirs of Helen R. Peterson [and the Unknown Heirs and Devisees of Raoul Jack Doughty] have failed to pay.

Both of the complaints then go on to plead the "Decree Of Foreclosure" cause of action as follows:

> If a judgment for monies due is filed with this Court and the defendants named herein fail to immediately tender the sum due and owing, then Plaintiff asserts its right per the terms of the Deed of Trust for the court to enter a decree of foreclosure.

**ORDER GRANTING DEFENDANTS'**
**MOTIONS FOR SUMMARY JUDGMENT- 6**

. . .

In the event of foreclosure and sale of the Property, Plaintiff is permitted to become a bidder and purchaser at the sale and the purchaser at the sale is entitled to immediate possession of the Property and, upon motion of purchaser when the Property is not vacated so that purchaser may take possession, the court should forthwith order the Clerk of the Court to issue a writ of assistance ordering the Sheriff to deliver possession of the Property to the purchaser.

The "Prayer For Relief" in both of the state court complaints asks for a judgment against the defendants in the amount due and owing on the promissory notes, along with unpaid interest.  The "Prayer" then goes on to ask "[t]hat in the event the judgment is not paid immediately upon its entry, Plaintiff's Deed of Trust be foreclosed and the Property covered thereby be sold at foreclosure sale in the manner provided by law, and the proceeds thereof be applied to the judgment . . . ."

The aforementioned language from the state court complaints has been quoted in order to highlight the difference between a "foreclosure judgment," which is *quasi in rem* in nature[2], versus a deficiency judgment, which is *in personam* in nature.  As Defendants point out, the "foreclosure judgment" is a money judgment for the purpose of for setting the bid parameters for a foreclosure sale.  The purpose of this "foreclosure judgment" does not create a monetary obligation upon the defendants against whom it is entered, but basically tells those

_____

[2] Black's Law Dictionary (6th Ed. 1990 at pp. 793-94) defines "quasi in rem" as follows:

A term applied to proceedings which are not strictly and purely *in rem*, but are brought against the defendant personally, **though the real object is to deal with particular property or subject property to the discharge of claims asserted**; for example, foreign attachment, **or proceedings to foreclose a mortgage**, remove a cloud from title, or effect a partition.

(Emphasis added).

**ORDER GRANTING DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT- 7**

defendants that this is the amount due and owing on the promissory note and unless that amount is tendered to plaintiff, there will be a foreclosure and the real property will be sold to satisfy the "foreclosure judgment," that being the obligation found to be secured by the deed of trust. "Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property." *Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D. Or. 2002).

A deficiency judgment is distinct from a foreclosure judgment. See 18 Wash. Prac., Real Estate, §19.17 (2nd Ed.),  and 28 Wash. Prac., Creditor's Remedies-Debtors' Relief, § 7.43 (2nd Ed.).  As noted, the state court complaints involved here specifically waived seeking a deficiency judgment against any of the defendants.  A deficiency judgment "arises if the amount of a judgment in a judicial foreclosure exceeds the value of the security at the foreclosure sale. *Boeing Employees' Credit Union v. Burns*, 167 Wn.App. 265, 282, 272 P.3d 908 (2012).  Once obtained, a deficiency judgment is "similar in all respects to other judgments for the recovery of money."  RCW 61.12.080.  "As in the mortgage foreclosure context, 'deficiency judgment' under RCW 61.24.100 means a money judgment sought by a trust deed beneficiary (or other creditor) following a trustee's sale that fails to satisfy the obligation secured by the deed of trust." *Gardner v. First Heritage Bank*, 175 Wn.App. 650, 661, 303 P.3d 1065 (2013).  In *Gardner*, the Washington Court of Appeals concluded that a "deficiency judgment" for purposes of RCW 61.24.100's antideficiency provision means a money judgment against a debtor for a recovery of the secured debt measured by the difference between the debt and the net proceeds received from the foreclosure sale." *Id*.  In a footnote, the court observed that the term "money judgment" is

///

///

**ORDER GRANTING DEFENDANTS'**
**MOTIONS FOR SUMMARY JUDGMENT- 8**

1  synonymous with the term "personal judgment." *Id*. at n. 20.[3]

2      In sum, a "foreclosure judgment," even though it involves a monetary

3  amount, is for the purpose of enforcing the creditor's security interest through a

4  foreclosure. It is *quasi in rem*.  The monetary amount establishes the bid

5  parameters for the foreclosure sale.  On the other hand, a deficiency judgment

6  follows foreclosure of the security interest.  It is not for the purpose of enforcing

7  the security interest, but for seeking payment of funds to make up a shortfall

8  between the proceeds obtained from the foreclosure sale and the amount of the

9  foreclosure judgment. It is an action to collect a debt.  It is *in personam* and if

10  Defendants had sought a deficiency judgment against Plaintiffs, Defendants may

11  well qualify as "debt collectors" as defined in the FDCPA.  See *Derisme v. Hunt*

12  *Leibert Jacobson P.C.*, 880 F.Supp.2d 311, 326 (D. Conn. 2012)("This Court

13  agrees that where there is an attempt to collect money in addition to enforcement

14  of a security interest, the other provisions of the FDCPA might apply to the

15  conduct related to the collection of money"). [4]

16      The Defendants here cannot be considered "debt collectors" under the

17  FDCPA.  The judicial foreclosure complaints filed by them sought only to enforce

18  security interests via obtainment of a foreclosure judgment to be followed by a

---

21      [3]  Black's Law Dictionary (6th Ed. 1990 at p. 791) defines "in personam" as

22  follows:

23

24          Against the person.  Action seeking judgment against a person involving his personal rights and based on jurisdiction of his person . . . .

25      [4]  The "other" provisions include 15 U.S.C. Section 1692f(6), as well as

26  those which apply in general to "debt collectors," not just those engaged "in any

27  business the principal purpose of which is the enforcement of security interests."

28  **ORDER GRANTING DEFENDANTS'**
   **MOTIONS FOR SUMMARY JUDGMENT- 9**

foreclosure sale.[5]  Absent a foreclosure judgment against the individuals named as defendants in the state foreclosure complaints, the secured creditors (Wells Fargo and OneWest Bank) could not obtain title to the real property free of the those named defendants' potential interests and have the property sold to satisfy the debt owed by the deceased borrower.  When a landowner dies, title to his/her property immediately vests in his or her heirs.  RCW 11.04.250.  All parties with potential interests in the property must be named in the foreclosure action in order to properly divest them of those interests.

The state court complaints at issue here did not seek deficiency judgment against anyone.  Indeed, the complaints expressly waived the right to a deficiency judgment, noting that because of this and pursuant to RCW 6.23.020(1), the statutory redemption period should be eight months from the date of the sale "and the Sheriff should be ordered to issue a Sheriff's Deed at the termination of the eight-month period following the date of the Sheriff's sale."  A "foreclosure" is a process which  is designed to cut off a debtor's equity of redemption.  Black's Law Dictionary (6th Ed. 1990 at p. 646).

Because the state court complaints sought only to foreclose the potential interests of the individually-named defendants in the subject real property and did not seek deficiency judgments against any of them, the Defendants in the

---

[5] The scenarios at issue here, filing of judicial foreclosure actions after default by a **deceased** borrower, are distinct from the scenarios in the cases cited by Plaintiffs where the FDCPA was found to apply to certain collection activities of lawyers after default by **living** borrowers, including informing those borrowers how much must be paid to reinstate a mortgage, regularly seeking or obtaining payments from such borrowers, or attempting to convince such borrowers to enter into a mortgage loan modification agreement.

**ORDER GRANTING DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT- 10**

captioned actions are not "debt collectors" under the FDCPA as they sought only to enforce the creditors' security interests.  In *Derisme*, 880 F.Supp.2d at 323, the court reached this same result based on its review of Connecticut law in a case where a law firm brought a judicial foreclosure action on behalf of its client, Bank of America, N.A.:

> Since Hunt Leibert has not initiated deficiency proceedings under Connecticut's statutory regime[,] the foreclosure action is solely an action in equity seeking the remedy of foreclosure and was never converted into an action at law seeking money damages.  Therefore Hunt Leibert has sought only to enforce its client's security interest in the foreclosure action and has not yet sought a money judgment.  At most, Hunt Leibert has preserved its client's ability to seek a deficiency judgment at a later time by including the claim in the complaint.  However, since Hunt Leibert has not initiated deficiency proceedings . . . on its client's behalf, it has not attempted to collect a debt in connection with the foreclosure action but instead has only sought to enforce its client's security interest.

Citing Judge Shea's decision in *Barbanti* and the District of Oregon's decision  in *Hulse*, among others, the Connecticut district court was persuaded that "the legislative history, plain meaning, statutory construction, and the [Federal Trade Commission's] guidance support the conclusion that the enforcer of a security interest is only subject to §1692f(6) and not to any other section of the FDCPA."  880 F.Supp.2d at 324-25.  As noted above, §1692f(6) limits the circumstances under which the enforcer of s security interest is liable under the FDCPA.  It provides that taking or threatening to take any non-judicial action to effect dispossession or disablement of property is an "unfair practice" if there is no present right to possession of the property claimed as collateral through an enforceable security interest; there is no present intention to take possession of the property; or the property is exempt by law from such dispossession or disablement.

Plaintiffs assert that "[a] sample of Defendants' own form pleadings that have been filed in the Spokane County Superior Court reveal that these

**ORDER GRANTING DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT- 11**

Defendants either knew or should have known that their demand for relief in the form of money judgment against unobligated individuals was not a requirement" and that "[t]hese defendants regularly file judicial foreclosure actions that do not pray for money judgments against unobligated consumers," referring to copies of Spokane County Superior Court complaints found as Exs. 2-7 at ECF No. 15 in CV-13-296-LRS.

As explained above, Defendants did not seek personal money judgments against the Plaintiffs. Instead, Defendants sought a foreclosure judgment against the Plaintiffs which required establishment of the monetary amount due and owing on the underlying promissory note so as to establish the bid parameters for a foreclosure sale unless the amount due and owing was tendered immediately.[6]

---

[6] "[F]oreclosure actions on liens against Plaintiffs' interests in their properties, including any fees and costs arising directly from and solely because of the foreclosures, did not seek monetary judgments against debtor-property owners and consequently were not debt collection activities actionable under [the FDCPA]. Rather, Defendants acted to enforce their security interests through foreclosures of the Tax Liens and sale of the properties, from which proceeds Defendants would obtain the tax lien amounts and attorneys' fees and legal costs that arose from the foreclosures." *Boyd v. J.E. Robert Co.*, 2012 WL 4718723 (E.D. N.Y. 2012) at *16. "Here, the foreclosure complaints did not request monetary judgments against any of the plaintiffs for any deficiencies and instead proceeded solely against the respective properties subject to the Tax Liens." *Id*. at *18. "Foreclosure . . . is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor." *Id*., quoting *McDaniel v. South & Associates, P.C.*, 325 F.Supp.2d 1210, 1217 (D. Kan. 2004). Rather, the foreclosure judgment establishes the amount that is due and owing on the

**ORDER GRANTING DEFENDANTS'**
**MOTIONS FOR SUMMARY JUDGMENT- 12**

Defendants sought to foreclose any interests the Plaintiffs had in the subject real property.  Defendants did not seek to collect a debt from any of the Plaintiffs personally.  They sought "mere enforcement of security interests."  They did not engage in conduct "beyond that actually necessary to effectuate the foreclosure." *Memmott v. OneWest Bank, FSB*, 2011 WL 1560985 (D. Or. 2011), adopted as modified, 2011 WL 1559298 (D. Or. 2011).

With regard to the Spokane County Superior Court complaints referred to by Plaintiffs as examples of "judicial foreclosure actions that do not pray for money judgments against unobligated consumers," it is noted that with regard to each of those complaints, the reason a foreclosure judgment was not sought against any individually-named defendants was because there was an estate by virtue of a probate having been filed subsequent to the death of the borrower.  The foreclosure judgment- "Judgment For Monies Due"- was properly sought against the estate only.   With regard to the Spokane County Superior Court complaints at issue here (Cause Nos. 12-2-02772-7 and 12-2-02845-6), no probates were filed and there were no estates against which a foreclosure judgment could be sought to establish the bid parameters for a foreclosure sale.  As such, the Defendants were forced to seek a foreclosure judgment against all of the individuals who might claim an interest in the real property.  Had there been an estate, this would have been unnecessary because an estate serves as a clearinghouse for all of the assets of the estate and the potential interests in those assets.  A foreclosure judgment against an estate is a means by which all of potential interests in real property belonging to the estate can be foreclosed.

Even assuming the Defendants are "debt collectors" under the FDCPA, this court is not persuaded that a judicial foreclosure action which waives pursuit of a

---

obligation in order to establish the bid parameters for the foreclosure sale.

**ORDER GRANTING DEFENDANTS'**
**MOTIONS FOR SUMMARY JUDGMENT- 13**

deficiency judgment constitutes an abusive collection practice prohibited by the FDCPA.  The express purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors . . . ."  15 U.S.C. Section 1692(e).  The Connecticut district court in *Derisme* addressed that issue, noting as follows:

> [T]he Court questions whether in view of the legislative purposes underlying the FDCPA that the filing of a state foreclosure proceeding constitutes the type of abusive debt collection practices proscribed by the FDCPA.  It is also unclear to this Court that the purposes of the FDCPA would be furthered by applying the FDCPA to state foreclosure proceedings considering the panoply of protections and safeguards available to parties of a foreclosure action under Connecticut law.
>
> . . .
>
> In sum, it does not appear that the purpose of the FDCPA is furthered by its application to a Connecticut judicial foreclosure action.  While the FDCPA was designed to protect unsophisticated consumers from unscrupulous debt collectors, that purpose is not implicated when a mortgagee is protected by the court system and the Connecticut foreclosure law as was the case here.

880 F.Supp.2d at 327 and 329.

Here too, all that occurred is that Plaintiffs were served with a lawsuit filed in Spokane County Superior Court in which they were named as defendants and which was solely for the purpose of foreclosing their potential interests in the subject real property.  Nothing occurred of a non-judicial nature outside of the statutory judicial foreclosure context:  no phone calls were made to Plaintiffs demanding payment, nor were any demand letters sent to them.  Furthermore, at this juncture, no judgment of any type arising from these lawsuits has been entered against any of the Plaintiffs.  Moreover, "Sheryl Doughty" has been dismissed from the lawsuit filed under Spokane County Superior Court Cause No. 12-2-02772-7.  Accordingly, even assuming the FDCPA applies here, there have been no abusive collection practices.

**ORDER GRANTING DEFENDANTS'**
**MOTIONS FOR SUMMARY JUDGMENT- 14**

**III.  CONCLUSION**

Defendants' Motions For Summary Judgment (ECF No. 9 in CV-13-295-LRS; ECF No. 10 in CV-13-296-LRS; ECF No. 9 in CV-13-297-LRS) are **GRANTED**.  Defendants were not acting as "debt collectors" as defined in the FDCPA, and therefore, they were not engaged in debt collection activities subject to the FDCPA.  Alternatively, if they were acting as "debt collectors," they did not engage in any abusive debt collection practice prohibited by the FDCPA. Defendants are awarded judgment on the FDCPA claims asserted against them by Plaintiffs.  There is, however, no basis for an award of attorney's fees to Defendants under the FDCPA, 15 U.S.C. Section 1692k(a)(3).[7]

**IT IS SO ORDERED**.  The District Executive is directed to enter judgment accordingly and forward copies of the same and this order to counsel of record.

**DATED** this____21st____of January, 2014.


                         *s/Lonny R. Suko*

                         _____
                                    LONNY R. SUKO
                         Senior United States District Judge

---

[7]  At oral argument, Defendants' counsel advised that Defendants were abandoning their request for Fed. R. Civ. P. 11 sanctions.

**ORDER GRANTING DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT- 15**